UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY HUNTER,

       Petitioner,

                                              Case No. 1:02-cv-399
v.                                         Hon. GORDON J. QUIST

MARY BERGHUIS, et al.,

       Respondents.

_____/

**REPORT AND RECOMMENDATION**

       Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

       **I.**       **Background**

       On January 6, 1999, petitioner pled guilty but mentally ill to four counts of possession with intent to deliver less than 50 grams of a controlled substance: Count I (mixture containing morphine sulfate); Count II (mixture containing oxycodone and aspirin); Count III (mixture containing oxycodone and acetaminophen); and Count IV (mixture containing Percodan). Plea Trans. at 8-12, 29. On February 1, 1999, petitioner was sentenced to 5 to 15 years' imprisonment on each of the four counts, with the sentences to run consecutively. Sent. Trans. at 31-32. The trial court noted that petitioner was on parole at the time he committed the four drug offenses. *Id.* at 31. The court also advised petitioner that the sentencing enhancements (i.e., habitual offender third offense) could result in maximum sentences of 40 rather than 20 years' imprisonment. *Id.* at 4-9.

On January 21, 2000, petitioner filed a "Motion to vacate duplicitous convictions and resentence." *See* Motion attached to Respondent's Answer as Exh. A. Then, on April 10, 2000, the trial court vacated petitioner's convictions on Counts III and IV and granted the motion for re-sentencing on Count I (mixture containing morphine sulfate) and Count II (mixture containing oxycodone and aspirin). *See* Order attached to Respondent's Answer as Exh. B. On June 9, 2000, the court re-sentenced petitioner to consecutive terms of 6 to 25 years' imprisonment on each of the two remaining counts. Re-sent. Trans. at 40-41. Petitioner's sentence was enhanced by his status as a third habitual offender. *See* Judgment of Sentence attached to Petition. At the re-sentencing, the trial court noted that the 15 year maximum sentence as announced at petitioner's original sentencing was in error and that the maximum penalty should have been 20 years. *Id.* at 28-29. The court also acknowledged that it could have increased petitioner's original sentence to a 40 year maximum because petitioner was a third habitual offender. *Id.*

Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals raising the following issue:

> Since [petitioner] was resentenced by the same judge and his second sentence was longer than his first one, the trial judge's resentence was vindictive since there were no aggravating factors which justified the longer sentence; instead [petitioner] should have been entitled to a reduced sentence when the trial judge vacated two of his convictions.

*See* docket no. 20. The Michigan Court of Appeals denied petitioner's application "for lack of merit on the grounds presented." *People v. Hunter*, No. 234800 (Mich. App. July 24, 2001). Petitioner raised the same issue in a delayed application for leave to appeal to the Michigan Supreme Court. *See* docket no. 21. The Michigan Supreme Court denied petitioner's application because it was not

persuaded that the questions presented should be reviewed. *People v. Hunter*, No. 119909 (Mich. April 9, 2002).

Petitioner raised this single issue in his habeas petition filed on June 3, 2002.[1] In his accompanying memorandum of law, petitioner raised three arguments in support of his habeas claim. While these arguments were not designated as separate "issues" on appeal, they were presented to both the Michigan Court of Appeals and the Michigan Supreme Court. *See* docket nos. 20 and 21. Accordingly, the court will consider these three arguments as separate "issues" in support of his habeas claim.[2]

## II.    Standard of review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. §2254 which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Before petitioner may seek such relief in

---

[1] The court previously denied petitioner's motion to amend the petition by adding a new claim that the re-sentencing was unconstitutional because it was based on inaccurate information contained in the pre-sentence investigation report. *See* Order (May 25, 2004).

[2] As a general rule, a habeas petition containing unexhausted claims should be dismissed without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 518-20 (1982). However, under 28 U.S.C. § 2254(b)(2), a federal courts have the discretion to deny habeas relief on the merits regardless of whether the petitioner has exhausted his state remedies. *See Jones v. Jones*, 163 F.3d 285, 299 (6th Cir. 1998).  As the Sixth Circuit explained in *Linger v. Akram*, No. 98-3506, 2001 WL 1136040 (6th Cir. Sept. 19, 2001)

> Because the "exhaustion" requirement is not jurisdictional, and the principles of comity and federalism which undergird that prerequisite are not offended by a federal court's refusal to grant habeas relief against a state by *rejecting* an unexhausted claim on its merits, federal judges possess the discretionary authority to *deny* unexhausted habeas claims on their merits to avert the purposeless future litigation, in the state courts, of substantively ill-conceived contentions.

*Linger*, 2001 WL 1136040 at * 3. [Emphasis in original.]

federal court, however, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). Here, petitioner has exhausted his state remedies with respect to his habeas claim.

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362, 405 (2000), the Supreme Court interpreted 28 U.S.C. § 2254(d)(1) as creating a distinction between decisions that are "contrary to" and those that involve an "unreasonable application of" clearly established Supreme Court precedent. *Johnson v. Bell*, 344 F.3d 567, (6th Cir. 2003).

> A state court decision is "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." [*Williams*,

>529 U.S. at 405]. A state court decision is also "contrary to" Supreme Court precedent if the state court "applies a rule that contradicts the governing law set forth" in that precedent. *Id.*

*Id.* An "unreasonable application" of clearly established Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.*, *(quoting Williams*, 529 U.S. at 407). An unreasonable application of law is not, according to the Supreme Court, merely incorrect; rather, "that application must also be unreasonable." *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001) (*quoting Williams*, 529 U.S. at 411).

Finally, a determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). This presumption applies to factual findings made by a state appellate court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous. 28 U.S.C. § 2254(e)(1).

### III.  Petitioner's claims for habeas relief

Petitioner raises three arguments in support of his habeas petition. First, petitioner contends that his re-sentencing was vindictive because it was longer than his first sentence. Second, he contends that the trial judge abused his discretion. Third, petitioner contends that his sentence was excessive and disproportionate and violated the Eighth Amendment's prohibition against cruel and unusual punishment. Petitioner's claims are without merit.

#### A.  Petitioner's re-sentencing was vindictive

"Due process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new

trial." *North Carolina v Pearce*, 395 U.S. 711, 722 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989). Under *Pearce*, a trial court is presumed to have been vindictive whenever the court imposes a harsher sentence after a new trial. *See Ferrell v. United States*, No. 97-2006, 1999 WL 1073662 at *4 (6th Cir. Nov. 18, 1999). The sentencing judge may rebut this presumption by citing objective information in the record to justify the increased sentence. *Id., citing Pearce*, 395 U.S. at 726. The *Pearce* presumption has been applied even when a defendant is being re-sentenced as opposed to being re-tried. *See id.; United States v. Duso*, 42 F.3d 365 (6th Cir. 1994); *United States v. Flood*, 965 F.2d 505, 513 (7th Cir. 1992).

However, the presumption of vindictiveness does not arise when the overall new sentence is less severe than the first sentence. *See Ferrell*, 1999 WL 1073662 at *4; *United States v. Jackson*, 181 F.3d 740, 745 n. 4 (6th Cir. 1999); *United States v. Forrester*, 874 F.2d 983, 984 (5th Cir. 1989) (stating that "the presumption of vindictiveness does not arise if the overall sentence is not increased"). Absent the *Pearce* presumption of vindictiveness, a criminal defendant must demonstrate direct evidence of actual vindictiveness on the part of the re-sentencing judge. *See Ferrell*, 1999 WL 1073662 at *4; *Jackson*, 181 F.3d at 745 n. 4.

Here, there is no presumption of vindictiveness under *Pearce* because petitioner's overall imprisonment decreased on re-sentencing. At the first sentencing, petitioner received consecutive sentences of 5 to 15 years' imprisonment on each of the four counts. This would result in an overall sentence of 20 to 60 years' imprisonment. At his re-sentencing, the trial judge clarified this sentence, indicating that the four original sentences should have been for the statutory maximum of 20 years rather than 15 years. (Given this clarification, it appears that the trial judge originally intended to impose an overall maximum sentence of 20 to 80 years' imprisonment.) At his re-

6

sentencing, petitioner received two consecutive sentences of 6 to 25 years' imprisonment, resulting in an overall sentence of 12 to 50 years' imprisonment. As re-sentenced, petitioner would serve a lesser minimum term (12 years versus 20 years) and a lesser maximum term (50 years versus 60 or 80 years) than his original sentence. In short, there is no presumption of vindictiveness to rebut in this case.

Furthermore, petitioner has presented no direct evidence of actual vindictiveness on the part of the trial judge. *See Ferrell*, 1999 WL 1073662 at *4; *Jackson*, 181 F.3d at 745 n. 4. Accordingly, petitioner has failed to establish a due process claim based upon the trial judge's alleged vindictive behavior.

### B.     Trial judge's abuse of discretion

Next, petitioner contends that the trial judge abused his discretion by increasing his sentence "without a valid basis." Petitioner's Memorandum of law at 1. This argument is essentially a restatement of petitioner's vindictiveness argument. *See* ¶ III.A., *supra*. As the court previously discussed, the resentencing resulted in petitioner serving both a lesser minimum prison term and a lesser maximum prison term. Accordingly, there is no factual basis to support petitioner's abuse of discretion claim.

Furthermore, petitioner's abuse of discretion claim fails to state a federal constitutional issue. Federal habeas review is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "[F]ederal habeas corpus relief does not lie for errors of State law." *Id.* at 67, quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). The state's computation of petitioner's prison term involves a matter of state law that is not cognizable on federal habeas review. *See Kipen v. Renico*, No. 02-

1742, 2003 WL 21130033 at *1 (6th Cir. May 14, 2003), citing *Estelle*, 502 U.S. at 68. *See also Austin v. Jackson,* 213 F.3d 298, 300 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, 12 F.3d 211 (6th Cir. 1993) (departure from sentencing guidelines is issue of state law not cognizable in federal habeas review). Accordingly, petitioner is not entitled to federal habeas relief on this state law claim.

### C.     Eighth Amendment claim

Finally, petitioner contends that his sentence was excessive and disproportionate in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. There is no question that petitioner received a strict sentence for his drug offenses. However, the United States Constitution does not require a strict proportionality between a crime and its punishment. *Hamelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between the crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Further, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Because petitioner's sentence was neither a death penalty nor life in prison without possibility of parole, he is not entitled to federal habeas relief on this proportionality claim.

### IV.     Recommendation

For the foregoing reasons, I respectfully recommend that petitioner's habeas petition be DENIED. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Dated: April 26, 2005                  /s/ Hugh W. Brenneman, Jr.
                                       Hugh W. Brenneman, Jr.
                                       United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).