UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BOBBY HUNTER,

       Petitioner,

v.                                                                                    Case No. 1:02-CV-399

MARY BERGHUIS, et al.,                                        HON. GORDON J. QUIST

       Respondents.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

      The Court has before it Petitioner's Objections To Report and Recommendation dated April 26, 2005, in which Magistrate Judge Brenneman recommended that Petitioner's petition for writ of habeas corpus be denied. Petitioner raised the following three grounds relating to his re-sentencing: (1) the re-sentencing was vindictive; (2) the trial court abused its discretion by increasing Petitioner's sentence without a valid basis; and (3) his sentence violated the Eighth Amendment. Having conducted a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted.

**I.      Ground 1: Vindictive Re-sentencing**

      Citing Ferrell v. United States, No. 97-2006, 1999 WL 1073662 (6th Cir. Nov. 18, 1999), and Unites States v. Jackson, 181 F.3d 740 (6th Cir. 1999), the magistrate judge found that there was no presumption of vindictiveness under North Carolina v. Pearce, 395 U.S. 711, 89 S. Ct. 2072 (1969), overruled on other grounds by Alabama v. Smith, 490 U.S. 794, 109 S. Ct. 2201 (1989), because Petitioner's overall sentence decreased on re-sentencing. That is, initially, Petitioner

received consecutive sentences of 5 to 15 years imprisonment on each of the four counts, which would have resulted in an overall sentence of 20 to 60 years. On re-sentencing, Petitioner received two consecutive sentences of 6 to 25 years imprisonment, resulting in a total sentence of 12 to 50 years imprisonment. The magistrate judge concluded that Petitioner's due process claim should be rejected because Petitioner's overall sentence decreased and Petitioner failed to present direct evidence of actual vindictiveness by the trial judge.

In his objections, Petitioner does not dispute that his overall sentence decreased on re-sentencing or that he failed to present direct evidence of actual vindictiveness. Rather, Petitioner argues, instead of reviewing Petitioner's claim under the "overall approach" adopted by a majority of the circuits, the magistrate judge should have applied the "count-by-count approach" adopted by a minority of circuits, which disregards any dismissed counts in determining whether the later-imposed sentence was greater than the original sentence. Petitioner argues that under this approach, on each of the two remaining counts (after the trial court dismissed Counts 3 and 4), his minimum sentence increased by one year and his maximum sentence increased by ten years.

The Court concludes that the magistrate judge did not err in his application of the Pearce presumption by determining whether the overall second sentence was less severe than the first sentence, because the Sixth Circuit applied the "overall approach" in both Ferrell and Jackson. See Ferrell, 199 WL 1073662, at *4; Jackson, 181 F.3d at 745 n.4. Petitioner is correct that Ferrell is an unreported decision and that the Sixth Circuit has not expressly adopted or rejected either the majority rule or the minority rule. And, while it is true that unpublished decisions of the Sixth Circuit are not binding precedent, see United States v. Ennenga, 263 F.3d 499, 504 (6th Cir. 2001), Ferrell and Jackson both indicate that the Sixth Circuit would expressly adopt the majority rule if confronted with the issue. Therefore, the magistrate judge did not err in rejecting this claim.

2

**II.     Ground II: Abuse of Discretion**

The magistrate judge concluded that Petitioner's abuse of discretion claim should be rejected because the minimum and maximum terms of Petitioner's total second sentence were less than the terms of the initial sentence and because Petitioner's argument failed to state a federal constitutional issue.

Petitioner's argument is that the magistrate judge should have recognized that the re-sentencing violated "fundamental fairness" because the increase in his sentence was based solely upon the trial judge's vindictiveness.  As already discussed above, however, this Court concludes that the magistrate judge properly concluded that Petitioner failed to establish a due process claim based upon the trial judge's alleged vindictiveness.  Because Petitioner does not present any other basis to support his abuse of discretion argument (other than a state law basis), this ground is also rejected.

**III.    Ground III: Eighth Amendment**

The magistrate judge rejected Petitioner's claim that his sentence was excessive and disproportionate in violation of the Eighth Amendment because his sentence was neither a death penalty nor life in prison without possibility of parole.  Petitioner argues that the magistrate judge erred by applying the wrong standard, i.e., by failing to determine whether Petitioner's sentence represents an "'extreme disparity between crime and sentence.'" (Pet'r Objection at 7.)

The Eighth Amendment "does not mandate strict proportionality between crime and sentence."  United States v. Olan-Navarro, 350 F.3d 551, 554 (6th Cir. 2003) (citing Harmelin v. Mich., 501 U.S. 957, 1001, 111 S. Ct. 2680, 2705 (1991) (Kennedy, J., concurring in part and concurring in judgment)).  Instead, it only forbids "extreme sentences" that are "grossly disproportionate" to the crime.  Harmelin, 501 U.S. at 1001, 111 S. Ct. at 2705.  A sentence that falls

3

within the maximum penalty set by statute generally does not constitute cruel and unusual punishment. See Austin v. Jackson, 213 F.3d 298, 302 (6th Cir. 2000). In this case, Petitioner was sentenced within the statutory maximum. At the re-sentencing, the trial court noted that the original sentence was erroneous because the 15 year maximum sentence should have been 20 years. Petitioner's sentence was enhanced by his status as a third habitual offender, and the trial court noted that it could have increased Petitioner's original sentence to a 40 year maximum based upon Petitioner's third habitual offender status. See M.C.L.A. § 769.11(1). Thus, Petitioner, a third habitual offender, received a sentence that was substantially less than what the trial court was authorized to impose. Under these circumstances, Petitioner's sentence was not so grossly disproportionate as to violate the Eighth Amendment's prohibition on cruel and unusual punishment. See Potter v. Yukins, 6 Fed. Appx. 295, 297 (6th Cir. 2001) (rejecting the petitioner's Eighth Amendment claim where the petitioner was sentenced within the statutory maximum and had an extensive criminal history). Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued April 26, 2005 (docket no. 36), is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's Objections To Report And Recommendation (docket no. 37) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus is **DENIED**.

Dated: July 21, 2005                        /s/ Gordon J. Quist
                                         GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE